UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Mims v. Davol, Inc. et al.*,
Case No. 2:18-cv-00931

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUGGTION OF REMAND (ECF No. 84)

On October 6, 2020, Plaintiff Jasmine Mims, Administratrix of the Estate of Rosemary B. Mims, filed a motion requesting that the Court suggest to the United States Judicial Panel on Multistate Litigation ("JPML") that her case be remanded. (ECF No. 84.) Plaintiff's case was transferred to this Court on a conditional transfer order by the JPML on August 21, 2018. (ECF No. 75.) Plaintiff contends that because pretrial proceedings have "arguably reached the conclusion," remand to the District of New Mexico, the original venue of this action, is appropriate. (ECF No. 84 at PageID #690.)

"The ultimate authority for remanding an action transferred for multidistrict litigation lies with the [JPML] itself." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 04 Civ. 4968 (VSB), 2017 WL 5468758, at *2 (S.D.N.Y. Nov. 13, 2017); *see also* 28 U.S.C. § 1407(a). JPML Rule 10.1(b)(i) permits a transferee district court in a multidistrict litigation (MDL) to make a suggestion of remand to the JPML. District courts rely on the same standards for remand as the JPML when determining whether to make a suggestion of remand. *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001).

"[A] party seeking remand to the transferor court has the burden of establishing that such remand is warranted." *In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.*, 851 F. Supp.

556, 562 (S.D.N.Y. 1994). A district court will make a suggestion for remand when its authority under 28 U.S.C. § 1407(a) concludes. *In re Nat'l Century Fin. Enters, Inc. Fin. Inv. Litig.*, No. 2:03-MC-1565, 2004 WL 882456, at *2 (S.D. Ohio Mar. 25, 2004). Section 1407(a) only authorizes a transferee district court to conduct coordinated or consolidated pretrial proceedings. Remand may also be appropriate even when common pretrial proceedings have not yet concluded if the individual case at issue does not share questions with the MDL's common pretrial proceedings. *See In re Wilson*, 451 F.3d 161, 170 (3d Cir. 2006); *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977). Remand is unadvisable "when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" *In re Nat'l Century*, 2004 WL 882456, at *2 (quoting *In re Heritage Bonds Litig.*, 217 F.Supp.2d 1369, 1370 (J.P.M.L. 2002)). Put more simply, the issue of remand "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Methyl*, 2017 WL 5468758, at *2 (quoting *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 MD 2030(LAP), 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010)).

Plaintiff does not meet her burden to show that remand is appropriate at this time. Very few pretrial proceedings have occurred in her case and consolidated and coordinated pretrial proceedings in the MDL are ongoing. Six bellwether trials shall take place, the goal being that these trials will further the pretrial proceedings of every other case in the MDL. (No. 18-md-2846, ECF No. 62.) The first bellwether trial has been rescheduled for early January 2021. (No. 18-cv-01509, ECF No. 354 at PageID #18740.) Plaintiff argues that there is no indication that any bellwether trial beyond the first applies to her case. (ECF No. 84 at PageID #691.) To the Court's knowledge, each of the six bellwether trials applies to all the cases in this MDL. The bellwether trials reflect common issues in these cases, and so each trial will educate the Court and the parties about the issues and the legally appropriate resolution, hastening an efficient resolution in all cases. *See Solis v. Lincoln Elec. Co.*, No. 1:04–CV–17363, 2006 WL 266530, at *1 (N.D. Ohio

Feb. 1, 2006). The six jury verdicts will also inform the parties in individual cases of the best course forward, be it further pretrial proceedings, and eventually trial, or settlement. Plaintiff's bare assertion that "it is unclear from the record whether this second bellweather [sic] applies to Ms. Mims" does not demonstrate that her case can no longer benefit from the MDL's coordinated pretrial proceedings.

Accordingly, Plaintiff's Motion for Suggestion of Remand (ECF No. 84) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**10/19/2020**  *s*/Edmund A. Sargus, Jr.
**DATE**  **EDMUND A. SARGUS, JR.**
  **UNITED STATES DISTRICT JUDGE**